## Horner's Executor *versus* McGaughy.

1. A bequest by a debtor to his creditor equal to the debt, without contingency or postponement of time of payment, is presumed to be in satisfaction of the debt.

2. This doctrine of satisfaction is not a favorite, and courts of justice will lay hold of slight circumstances to get rid of the rule.

3. Legacies are considered gratuities and are always construed favorably.

4. This presumption of satisfaction may be set aside by whatever internally or *aliunde* the will is averse to it.

5. The rule does not apply where the legacy is contingent or uncertain as to amount or time of payment, or where there is a running account between the testator and the creditor, or where the legacy is not *ejusdem generis* with the debt.

May 12th 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Franklin county :* No. 84, to May Term 1868.

In the Court of Common Pleas of Franklin county, James McGaughy, on the 26th of December 1866, brought an action of assumpsit against Nancy J. Horner, executor of Robert Horner, deceased.   The claim of the plaintiff was for services rendered the testator by working on his farm, &c., and against the executrix personally.   The testator was the plaintiff's uncle, and had been his guardian ; the time for which compensation was claimed was about two years.

On the trial, April 16th 1868, before Rowe, J., the plaintiff exhibited his book account, with the affidavit required by the rule of court and rested.   The account against the testator was from March 29th 1861 until February 7th 1866, and against the executrix from May 6th 1866 to June 1st of that year.

The defendant admitted that she owed $11 of the account as due by her personally.   She also gave in evidence the will of the testator, dated August 18th 1865, and proved May 7th 1866, by which he gave to the plaintiff $500, and directed that it should be paid " inside of one year from the date of his decease."   It was admitted that this legacy had been paid.   She gave evidence also by A. H. McGaughy, a brother of the plaintiff, who testified that he had been present at a settlement between the testator and the plaintiff about the beginning of the year 1865 ; the testator had been guardian for the plaintiff and witness ; on settlement the plaintiff fell $30 in the testator's debt ; witness did not know what was taken into the account, or whether it was a final settlement. The plaintiff had a horse for sale, for which the testator said he would give plaintiff $90 and forgive the $30 ; this was agreed to, and the $90 paid to the plaintiff.   The transactions that day were spoken of as a settlement.   The plaintiff had been living with his uncle " off and on " since he was a small child.   The plaintiff had

[Horner *v.* McGaughy.]

no account at the settlement. The witness settled the guardianship matters with his uncle at the same time. The testator was in ill health, and said he would settle with them, as he might not live long.

The guardianship account of the testator, confirmed January 18th 1865, showed a balance of $31.32 due the guardian. Amongst other points the defendant submitted the following :—

" The giving of the legacy named in the will, being for a sum exceeding the amount of plaintiff's claim, is a complete satisfaction of the debt."

The court answered : " This point as applied to the circumstances of this case, must be negatived ; this case presents an exception to the general rule here enunciated, perhaps a little too broadly."

After referring to the evidence of the settlement, what it included, &c., the court charged :—

" If you find that there was no settlement of these accounts sued for, but only of the balance on the guardianship account, then the plaintiff may recover his whole claim, deducting the credits allowed. All that has been said before. is simply that proof of a full settlement at any date, excludes all the plaintiff's account before that date.

" But there are some other questions first to be decided. The account of plaintiff runs from the 14th of March 1861 to the 7th of February 1866. The deceased made his will the 18th of August 1865, giving therein a legacy of $500 to plaintiff, his nephew. If you believe from the evidence that he intended the legacy to be in satisfaction of the debt, then all the items of plaintiff's account, prior to the date of the will, will be excluded. Unless you can gather from the evidence and will that there was such intention in giving the legacy, the mere fact of the legacy to the plaintiff will not prevent the plaintiff's recovery. [The account is a running account and unliquidated, and there are items before and after the date of the will, and these facts make an exception to the general rule, that a legacy to a creditor equal to or greater than his debt, payable at once and not uncertain or contingent, is to be regarded as intended to be in satisfaction of the debt.]

" If the settlement spoken of by A. H. McGaughy, as having taken place in January or February 1865, between plaintiff and R. C. Horner, was intended to be a settlement in full of all accounts, and this claim sued on was not brought forward by plaintiff, then that fact is evidence tending to show that the claim had been previously paid or settled, or was not intended to be collected. You will probably consider it a weighty fact against the plaintiff, but you and not the court are to say what weight there is in it. * * "

The verdict was for the plaintiff for $235.

[Horner v. McGaughy.]

The defendant took a writ of error. She assigned for error the part of the charge in brackets; the answer to the point, and that in the answer the court gave a binding instruction to the jury.

*W. S. Stenger* and *J. McD. Sharpe*, for plaintiff in error.—By the answer to the point the court took away the question of intention from the jury. Every legacy is presumed to be a gratuity, but the presumption may be rebutted by parol proof: Zeigler *v.* Eckert, 6 Barr 13; Eden *v.* Smyth, 5 Vesey 354; Aston *v.* Pye, Id. 350, note 2; 1 Redfield on Wills 540. On the question, was the legacy a satisfaction of the debt, they cited Byrne *v.* Byrne, 3 S. & R. 59; Cranmer's Case, 2 Salkeld 508; Wesco's Appeal, 2 P. F. Smith 195; 2 Williams on Executors 1112; Williams *v.* Crary, 6 Cowen R. 368; Sorelle *v.* Sorelle, 5 Ala. Rep. 245; Taylor *v.* Lainer, 3 Murph. R. 99; Fitch *v.* Peckham, 16 Verm. Rep. 150; 2 Redfield on Wills 516; Fowler *v.* Fowler, 3 P. Wms. 353; 6 Bacon's Abr. 210; Tolson *v.* Collins, 4 Ves. 483; Plume *v.* Plume, 7 Id. 258; Strong *v.* Williams, 12 Mass. 391; Ward *v.* Coffield, 1 Dev. Eq. 108; Perry *v.* Maxwell, 2 Id. 488; Mulheran *v.* Gillespie, 12 Wend. 349; Van Riper *v.* Van Riper, 1 Green's Ch. 1. A legacy will extinguish an unliquidated account: Williams *v.* Crary, *supra*.

*F. M. Kimmell*, for defendant in error.

The opinion of the court was delivered, July 6th 1869, by

THOMPSON, C. J.—That a bequest by a debtor to his creditor equal in amount to the debt he owes, without any contingency or postponement of time of payment, is presumed in equity to be in satisfaction of the debt, is not to be doubted: 3 S. & R. 54; 2 Wms. on Ex. 1168, and the authorities there cited, and Redf. on Wills, part 2, 516, *et seq.*

The doctrine is not, however, a favorite with us. Yeates, J., delivering the opinion of the court in the case referred to (3 S. & R. 54), says: "The rule itself is not founded on reason, and often tends to defeat the bounty of testators; and able chancellors have thought it more agreeable to equity to construe a testator to be both just and generous, where the interests of third persons are not affected. And courts of justice will now lay hold of slight circumstances to get rid of the rule. Legacies are considered gratuities, and are always considered favorably." In the same spirit is the doctrine discussed by Redfield, at pages 517 and 518 of the volume referred to. In the late case (Wesco's Appeal, 2 P. F. Smith 195), this court asserted and applied the principle, in an opinion by Read, J. Like all presumptions of fact, however, it may be set aside whenever intrinsically or *aliunde* the will is averse to it. And it has many exceptions to its operation at all;

[Horner *v.* McGaughy.]

for instance, it does not apply where the legacy is contingent .and uncertain as to amount or time of payment, or where there is a running account between the testator and his creditor, and where the legacy is not *ejusdem generis* with the debt, such as where a bond or specific property devised or bequeathed. There may be many other exceptions.

The will in this case was dated the 18th of May 1865. Although the greater portion of the plaintiff's claim had accrued prior to that date, there were a number of charges against the testator after this time and before his death, by the plaintiff, for services of the same nature as those which preceded the date of the will; the jury found that there had been no settlement of accounts between the plaintiff and testator before the. date of the will; and this was, in substance, a finding that the claim was a continuing and running account.

On authority, therefore, this was not a case for the application of the principle that the debt was satisfied, or to be satisfied, by the legacy: 2 Williams on Ex. 1167. It would need the aid of an intention to be deduced to that effect, either from the will or *aliunde:* Williams *v.* Crary, 6 Cowen 368; Clark *v.* Bogard, 2 Edw. Ch. 387; Zeigler *v.* Eckert, 6 Barr 13. It would be as unreasonable a presumption that a debt was satisfied, the amount of which was not known, as it would be to apply the principle to a case where the existence of it altogether was unknown. A much more natural presumption in this case, it seems to me, would be, that the testator, bound by the ties of consanguinity and family, and by the legal tie of guardian to the plaintiff, meant to give him a gratuity of $500, and let him come in with other creditors for what the estate owed him for labor performed. If the charge for services were proper at all in the pre-existing relations of the parties (and this seems not to have been controverted), this would seem to be the most natural presumption. Besides this, the legacy was not payable immediately, but within a year; and according to some authorities this would raise an exception to the rule and render it inapplicable, unless there was express evidence by the will, or otherwise, to the contrary. We do not see that the learned judge erred in giving effect, as he did, to the circumstances of the continuing and unascertained amount of the accounts between the parties at the date of the will, and by refusing effect to the presumption of satisfaction, unaided as it was by anything in the will, or *dehors* it.

Nor was there any ground of complaint that the judge withdrew from the jury the consideration of any fact or circumstance, which might tend .to show the intention of the testator that the legacy was to redeem the debt. In fact, I see not where any such fact or circumstance appears; but, supposing I am wrong in this, the error is not made out, for in the charge the judge expressly said:

[Horner v. McGaughy.]

" Unless you can gather from the evidence and will, that there was such intention in giving the legacy, the mere fact of the legacy to the plaintiff will not prevent plaintiff's recovery." This was not contradicted or set aside by the answer to the point, and was all that the defendant could claim. It may be that it is inequitable and unjust on part of the plaintiff to make the demand complained of, but the evidence and the case as presented does not make this appear, and, on the other hand, it may be exactly in accordance with the testator's will, and therefore just. Tested by legal rules it is so, and it must, and ought to be regarded to be so in fact.

Judgment affirmed.