## Dale, Appellant, *v.* Dale.

*Wills—Construction—Legacy—Claim on account of contract.*

Testator by will gave certain bequests and devises to his daughter Lillie, further providing, "said bequests and devises to be in full of her interest in my estate." There were gifts to other children, but the provision for his daughter Lillie was separate and distinct from the others. The daughter presented a claim against the estate of her father for services rendered under an express contract, by which she was to be paid a fixed amount annually for assistance in the care of his house and farm after she became of age. The contract was proven by competent testimony. *Held,* the testamentary provision above referred to did not preclude her from claiming and receiving from her father's estate the amount due on the contract.

Argued April 21, 1913. Appeal, No. 420, Jan. T., 1912, by plaintiff, from judgment of C. P. Centre Co., February T., 1912, No. 73, in favor of defendant n. o. v. in case of Lillie Dale v. John S. Dale and Willard Dale, Executors of George Dale, deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit for services rendered decedent under an express contract. Before ORVIS, P. J.

Verdict for plaintiff for $1,832. The court entered judgment n. o. v. in favor of defendants. Plaintiff appealed.

*Error assigned,* among others, was in entering judgment n. o. v.

*Clement Dale* and *Singleton Bell,* with them *A. A. Dale,* for appellant.

*John Blanchard,* with him *Edmund Blanchard,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, May 22, 1913:

This was an action by a daughter against the executors of her father's will to recover for services rendered him under an express contract by which she was to be paid a fixed amount annually for assistance in the care of his house and farm after she became of age. He had made a like arrangement with each of his other children, who worked for him after becoming of age. The contract was established by competent testimony of acknowledgments by the testator and was evidenced by entries to her credit in his books of account. The single ground of defense was that the plaintiff had deprived herself of the right to recover on the contract by the acceptance of a testamentary provision in her favor.

The testator had two daughters and three sons. By the second clause of his will he gave to his daughter, Lillie, the plaintiff, his household furniture and by the third clause he provided as follows: "I give, devise and bequeath unto my daughter Lillie Dale, her heirs and assigns, the homestead or farm on which I now reside, containing one hundred and thirty acres more or less, free from all liens or encumbrances, said bequests and devises to be in full of her interest in my estate." By a subsequent clause he directed the payment of $2,000 to his remaining daughter, Blanche, to equalize her share with that of his sons, to each of whom he had advanced the same amount and directed as follows: "All the rest, residue and remainder of my estate, not hereinbefore devised and bequeathed, I will and direct shall be equally divided between Horace C. Dale, Blanche E. Musser, John S. Dale and Willard Dale, share and share alike."

The learned trial judge directed a verdict for the plaintiff, reserving the question of the construction of the will and subsequently entered judgment for the defendant, non obstante veredicto, on the ground that the testator's intention was to make an equal distribution of his estate among his children and that since the devise of the farm to his daughter, Lillie, gave her an amount equal to a full share, plus his indebtedness to her, it was his intention to include the debt in the provision for her. This construction is based on the concluding words of the third clause "said bequest and devises to be in full of her interest in my estate."

We are unable to sustain the judgment entered. While there is a clear intention to place four of the testator's children on an equality, there is no evidence in the will of an intention to make an equal distribution among all of his children. He placed his daughter Lillie by herself and made a special provision for her and placed the others in a class by themselves. Full effect is given to the words at the end of clause three, referring them to the subsequent clause by which Lillie is excluded from participation in the residue of the estate and it is divided in equal shares among the other children. This construction is more reasonable than one which would make the words "in full of her interest in my estate" refer to and extinguish a debt that was recognized by the testator as due when the will was executed and which increased from time to time (nothing ever having been paid her) until his death, and which was not an interest in his estate.

Primarily the search for a testator's intention is confined to his language and unless there is ambiguity, extrinsic evidence in aid of construction cannot be resorted to. There was no justification for a resort to it in this case.

The judgment is reversed and the record is remitted with direction to enter judgment for the plaintiff on the verdict.