VERA A. LAWRIE, PLAINTIFF-RESPONDENT, v. ATLANTIC CITY RAILROAD COMPANY, DEFENDANT-PROSECUTOR.

Submitted November 6, 1924—Decided February 26, 1925.

**Workmen's Compensation—Employment on Shifting Engine Engaged in Shifting Cars and Reassembling Them for Use in Carrying Interstate Commerce, but Which Actually Operated Only Within the State—When Train Arrived and Discharged Its Commerce It Lost Its Interstate Character—Injury Caused While Engaged in Intrastate Commerce.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Thompson & Hanstein.*

For the respondent, *Francis J. McCarthy* and *Carleton B. Webb.*

PER CURIAM.

Morgan D. Lawrie, the husband of respondent, was in the employ of the prosecutor as a brakeman on a shifting engine in the yards of the prosecutor at Atlantic City, on August 1st, 1920, and while so employed was struck by a train of respondent and killed. At the time, respondent's decedent was engaged in switching, breaking up and reassembling a train of cars that had made a trip from Camden to Atlantic City, arriving at the latter place at ten-eighteen A. M.

Prosecutor's railroad extends from Atlantic City to Camden, entirely within the State of New Jersey. From the terminal at Camden, passengers are carried by ferry to Philadelphia. Tickets are sold and passengers carried by means of ferry and railroad from Philadelphia and other points outside of the State of New Jersey to Atlantic City. Passengers are also carried from Camden to Atlantic City by the same trains.

After the operation in which the respondent's decident was engaged had been completed, the train so made up would have been moved into the passenger station to make its outbound trip, scheduled to commence at two-thirty P. M.

Respondent filed her petition for compensation under the Workmen's Compensation act of this state.

It is conceded that at the time of the happening, the prosecutor was engaged in interstate commerce, the train which collided with decedent being so engaged in transporting passengers and baggage. The question before the deputy commissioner, sitting and hearing the cause for the compensation bureau, and before the Court of Common Pleas, upon appeal, and likewise here, is, Was respondent's decedent, at the time of the happening resulting in his death, engaged in intrastate commerce?

Both the deputy commissioner and the Court of Common Pleas held that he was, and we are of the same opinion, basing our conclusion upon the authorities cited and relied upon by the deputy commissioner, namely: *Philadelphia and Reading Railroad Co.* v. *Hancock,* 253 *U. S.* 284; *Moran* v. *Central Railroad,* 245 *Id.* 629; *Boyle* v. *Pennsylvania, Railroad,* 223 *Fed. Rep.* 266; *Illinois Central Railroad* v. *Behrens,* 233 *U. S.* 473; *Lehigh Valley Railroad Co.* v. *Barlow,* 244 *Id.* 183; *Minneapolis and St. Louis Railroad* v. *Winters,* 242 *Id.* 353; *Pennsylvania Railroad.* v. *Knox,* 218 *Fed. Rep.* 748; *Thomp. Emp. Liab. Act* (3d ed.), § 32, *p.* 52.

What gave the train upon which decedent was working its interstate character at the time of its arrival at Atlantic City was not the cars and coaches, but the character of the trips of the passengers and baggage. When the train arrived at Atlantic City, its destination, and discharged its passengers and baggage, the cars lost their character as instrumentalities engaged in interstate commerce, and did not again resume such character or use unless or until they later actually became used in transporting passengers and baggage in an interstate journey.

The judgments below are affirmed, with costs.