Cramer *v.* McKinney et al., Executors, Appellants.

Argued October 7, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Ralph E. Smith,* with him *Rowley & Smith* and *Wayne Theophilus,* for appellants.

*C. Joseph Recht,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 8, 1946:

This is an action in assumpsit by a claimant, against the estate of a decedent, for the value of household and nursing services said to have been rendered upon an alleged verbal agreement to compensate claimant in a will, but which the decedent failed to do. The jury rendered a verdict for claimant for $2,950. This was for a period of approximately ten years—500 weeks—from January 15, 1932 to January 31, 1943, when decedent died. Defendants, the executors, filed a motion for a new trial and for judgment *non obstante veredicto.* The learned court below granted the motion for a new trial. Defendants appeal from the order refusing the motion for judgment *non obstante veredicto.*

Before discussing the facts, the measure of proof resting upon the claimant must be examined. Claims against a decedent's estate for breach of an oral contract to make a will are the subject of the closest scrutiny, being the objects of just suspicion, and must be

established by evidence clear, precise and indubitable: *Mooney's Estate*, 328 Pa. 273, 194 A. 893; *Roberts Estate*, 350 Pa. 467, 39 A. 2d 592; *Reed Estate*, 152 Pa. Superior Ct. 389, 33 A. 2d 231. An agreement to make a will is binding and irrevocable where it is supported by a valid consideration: *Johnson v. McCue*, 34 Pa. 180; *McGinley's Estate*, 257 Pa. 478, 101 A. 807; *Cridge's Estate*, 289 Pa. 331, 137 A. 455; *Conlan v. Conlan*, 20 Pa. Superior Ct. 45. Where, however, the claim is made upon an express contract to pay a fixed compensation, claimant cannot recover on a *quantum meruit* by failure to prove the contract: *Witten v. Stout*, 284 Pa. 410, 131 A. 360; *Bemis v. Van Pelt*, 139 Pa. Superior Ct. 282, 11 A. 2d 499. Where a contract to will the whole or part of an estate has been proven, and a breach shown, the measure of damages is the value of the services rendered and not the estate promised to be given: *Graham v. Graham's Executors*, 34 Pa. 475; *Neal's Executors v. Gilmore*, 79 Pa. 421; *Kauss v. Rohner*, 172 Pa. 481, 3 A. 1016; *Byrne's Estate*, 122 Pa. Superior Ct. 413, 186 A. 187.

Claimant sought to establish a contract by the testimony of eight witnesses. The learned trial judge accurately stated that five of the witnesses gave no testimony whatever concerning the existence of any contract. The other three testified to loose declarations of decedent's testamentary intentions. None of these declarations was made in the presence of claimant. We have consistently held that declarations made to third parties where claimant does not participate are not evidence of a contract: *Donohoe's Estate*, 271 Pa. 554, 115 A. 878; *Reynolds, Exrx., v. Williams, Exec.*, 282 Pa. 148, 127 A. 473; *Roberts Estate*, supra. Neither did the proof of the 1932 will itself establish a verbal contract between decedent and claimant. The trial judge conceded that he erred in admitting the will of 1932 subsequently revoked, and for that reason granted a new trial. As we understand it, he at first regarded it admissible either because the proposed will itself was a contract, or what is prob-

ably more accurate, that the existence of the will corroborated claimant's contention that there was a verbal contract—i. e., that from the examination of the will the jury might *"imply"* that a verbal contract existed. We agree that the proposed will should not have been admitted for the purposes named. Because a decedent makes a bequest in a will is no proof that the bequest is in payment for services. A claimant may be entitled to both legacy and claim: *Horner's Executor v. McGaughy,* 62 Pa. 189; *Dale v. Dale,* 241 Pa. 234, 88 A. 445; *Conkle v. Byers' Exr.,* 282 Pa. 375, 127 A. 848. Where the contract to will relates to *real estate* the Statute of Frauds applies. A will containing a devise which makes no reference to the contract does not satisfy the statute: *Sorber v. Masters,* 264 Pa. 582, 107 A. 892; *Anderson Estate,* 348 Pa. 294, 35 A. 2d 301. It follows that since the proposed will of 1932 makes no reference to the alleged verbal contract, and because there was no proof that decedent in the presence of witnesses and of the claimant stated the will was executed in pursuance of the alleged verbal contract, it should not have been received in evidence.

The claimant was a niece. But there were other nieces and close kindred. Decedent was an elderly woman, but apparently was never bed-fast until shortly before her death. She managed her own home. Frequently she walked up a steep hill to visit her sister. Claimant was kind to her aunt and performed services for her. But so did other nieces and relatives. All the family joined in assisting decedent. What decedent's motive was in changing her will of 1932 now rests with her. Claimant obviously is a disappointed legatee. As we review this record it is clear that claimant has proven no verbal contract to will claimant the whole or any portion of decedent's estate. Indefinite and general statements of the performance of "housework" and "nursing" in a factual situation here presented are clearly insufficient.

The order of the court below is reversed, and judgment is here entered for defendants.