**Wescott Estate**

*J. Desmond Kennedy* and *Joseph P. Brennan*, for accountants.

*J. Frank Connolly* and *Bernard J. Brown*, for claimant.

BRADY, P. J., November 2, 1949.—Exceptions were filed to the adjudication and award of distribution confirmed nisi August 10, 1949, upon the audit of the account of the executrices of the estate of J. F. Wescott, deceased.

The residuary legatees, adopted daughters of decedent, namely, Pearl Greene and Grace McKinley, who also are the executrices-accountants, filed joint exceptions. James McKinley, grandson of decedent and son of Grace McKinley, filed counter-exceptions to those of his mother and aunt. The interest of the grandson arose from provisions of the will of his grandfather establishing a trust fund of $5,000 for the education of exceptant, James McKinley. In the petition for distribution the executrices suggested that the trust fund should not be set up because the purpose of the trust had been accomplished.

Further facts may be summarized from the adjudication: J. F. Wescott, decedent, died testate, August 17, 1948, leaving to survive him two adopted daughters, Pearl Greene and Grace McKinley. The will of testator, dated April 10, 1933, naming his daughters executrices and residuary legatees, was probated August 24, 1948. The named executrices were granted letters testamentary, and notice of the same was duly advertised as provided for by law.

The accountants filed their account showing a balance for distribution in the amount of $9,046.31.

The pertinent provisions of the will set forth:

"THIRD: I give and bequeath to the Scranton Lackawanna Trust Company, a corporation of the

Commonwealth of Pennsylvania, with its principal office in the City of Scranton, Pennsylvania, as Trustee under the terms of this my Will, the sum of Five Thousand ($5,000.00) Dollars, subject to reduction as hereinafter explained, to be used for the college or higher education of my grandson, James McKinley; and I hereby instruct my said Trustee to pay the bills incurred by my said grandson, in connection with his said education, periodically as the same shall become due and payable including not merely tuition and instruction fees, but also all board bills, book bills, expenses for railroad travel, boarding, lodging, clothing, medical and dental bills and all other bills and expenses which shall be found necessary for the maintenance of the physical health and for the education of my said grandson. In case, however, at the time of my death my grandson shall have completed one or more years of his said college or higher educational course, then it is my desire that the sum of Five Thousand ($5,000.00) Dollars hereinbefore mentioned shall be diminished to the extent of Twelve Hundred ($1,200.00) Dollars for each year of education which my said grandson has actually received in such educational institution or institutions, and that my said grandson shall receive for each year remaining of his said education the sum of approximately Twelve Hundred ($1,200.00) Dollars per year. In case the trust fund mentioned herein shall have been established after my death, and my said grandson, James McKinley, shall have failed to pursue or ceased pursuing the said educational course, or should die, or if for any other reason the said James McKinley does not choose to avail himself of said trust fund, then it is my will and desire that the same shall be disposed of in accordance with the residuary clause herein contained.

"FOURTH: All the rest, residue and remainder of my said estate, including all property, both real, per-

sonal and mixed, hereinbefore not disposed of, and including the trust fund above mentioned subject to the conditions hereof, I give, devise and bequeath in equal parts to my two adopted daughters above mentioned, share and share alike."

The findings of fact and law in the adjudication pertaining to the trust fund are set forth fully, with numbered emphasis added to the findings of fact or law to which exceptions were taken. The findings were:

"10. At the audit of the estate a claim was made by James McKinley, grandson of decedent, for a trust fund of $5,000 under the terms of the will, particularly item 3 thereof, as above quoted. The accountants refused to set up this trust fund on the grounds that the purpose for which it was to be set up has been accomplished, viz., that claimant has already had a 'higher education' by having four years of scholastic study in institutions after his graduation from Blakely, Pa., High School; that this was accomplished by his having one and one-half years of study toward an art course at Lafayette High School, Buffalo, N. Y., and two and one-half years of study at Pratt Institute, Brooklyn, N. Y.; that the beneficiary himself chose the schools in which he pursued a higher education towards his present vocation in life, the field of commercial or illustrative art.

"Testimony at the audit showed that the beneficiary of this fund finished his scholastic training in 1938, and since then he has been employed with a large advertising firm in New York City doing commercial art work. The accountants also maintain that in no event did testator plan on a course of study longer than four years, since he specifically provided a limit of $1,200 per year to be used toward the education of the beneficiary.

"Claimant or beneficiary of this trust fund asks that this fund of $5,000 be set up for his benefit as pro-

vided in item 3 of the will, and contends that the executrices of this estate cannot question or interpret the will, but are bound to set up this trust fund and that it is the duty of the testamentary trustee of this fund to decide how much, if any, college or higher education the beneficiary has had before the creation of this trust fund. Further, the beneficiary disputes the contention of the accountants that he has had a higher education as provided in the will, and says that the courses pursued by him at Lafayette High School and at Pratt Institute after graduation from high school were not recognized as courses in institutions of higher education nor as courses of any value towards a college degree.

"Under the terms of item 3 of the will, this trust fund was to be set up and used for *'college or higher'* education of decedent's grandson, subject to reduction of $1,200 for each year of a college or higher educational course completed at the time of decedent's death. This court sees no reason for requiring the accountants to set up the trust fund of $5,000 and to leave it to the discretion of the trustee to decide if the trust has lapsed or should be reduced. This would cause unnecessary delay and expense to the estate if in the opinion of the accountants there was a lapse of this trust. The proper remedy has been pursued here for an interpretation by this court at the audit of item 3 of the will of testator.

"[1] *In order for the court to hold that the trust has lapsed because the beneficiary has had a higher education in accordance with the terms of the will, we must find that the beneficiary has had at least four years of higher education after graduation from high school. We must consider education higher than a high school course, because the beneficiary was in his fourth year of high school in 1933 when the will was executed. If he had had part education of a higher nature, then*

*we must decide how many years towards a higher education had elapsed prior to the death of decedent, causing a reduction in the amount of the trust fund to be set up.*

"[2] *In our opinion, the course pursued by the beneficiary at Lafayette High School cannot be considered as a course in an institution of higher learning. There is no proof that a course in this institution is of any greater value than a course taken in any recognized high school.* It may be that this school offered courses, such as illustrative art, which Blakely High School did not offer; but that in itself does not give this institution any higher rating than that of a high school. We must, therefore, consider only courses that were pursued by the beneficiary towards a college or higher educational course to come within the terms of item 3.

"A will must be interpreted from the language of testator without extrinsic evidence unless there is ambiguity: Dale v. Dale, 241 Pa. 234. It is admitted that the beneficiary spent about two and one-half years at Pratt Institute, Brooklyn, N. Y. In the case of In re Jacobs' Will, 280 N. Y. S. 1, the Appellate Division of the Supreme Court of New York, on appeal from the surrogate's ruling in 1935, discussed the standing of Pratt Institute at that time, which incidentally was the time the beneficiary attended that institution. The court said, in considering certificates of the State Department of Education:

" 'Pratt Institute gives specialized courses . . . which may be considered of collegiate grade and of acceptable standards. Technically, however, this institution is not registered . . . as a college or professional school, since it does not . . . grant a degree. . . .

" 'Pratt Institute does not require, necessarily, graduation from high school for admission, and does not operate a full four year course or confer a degree,

so that this Institute cannot be considered as a college or university . . . equivalent . . . to . . . other standard colleges.'

"Since that time this institute has qualified as a college and grants degrees; but we must consider its standing when the beneficiary attended as a student.

"[3] *Testator did not require a college education by the beneficiary, but set up the trust to be used for 'college or higher education'. Under the circumstances, we are of the opinion he did pursue a higher education at Pratt Institute for at least two and one-half years, and to that extent we believe the amount to be set up in trust should be reduced on the basis of $1,200 per year for each year he attended Pratt Institute. [4] The will does not provide for portions of a year, but only for each year, so that we can consider only two full years as the basis of any diminution of the fund.*

"[5] *We, therefore, find that by reason of the educational courses completed by claimant before the death of testator, the fund of $5,000 to be set up for claimant should be diminished by $2,400, and order and direct the accountants to turn over to the trustee designated in the will of testator a fund of $2,600 for the purpose set forth in item 3 of the will."*

Joint exceptants, Pearl Greene and Grace McKinley, charged the action of the auditing judge to be in error in two respects: the findings number [2] and [4] emphasized as above set forth. The reasons or grounds averred were: That the testimony discloses that because of the postgraduate work in high school claimant was accepted into Pratt Institute in September 1935 and placed with a class of students who had started in January 1935. That the auditing judge erred in considering the word "year" as used in the will to mean a calendar year; that the word "year" in the will meant "school year", made up of two semesters.

Upon these reasons joint exceptants contend error unless a finding be made "that the beneficiary had at least three school years of higher education prior to the death of the testator, because even though the court should be of the opinion that the postgraduate high school work was not of itself higher education, yet such graduate work took the place of at least one-half year at Pratt Institute, which training at Pratt Institute has been determined by the court to be higher education."

Consideration of the joint exceptions is premised upon a fundamental rule in the interpretation of wills. We must determine testator's intent by his language and the circumstances then existing, with no attempt to provide for changes in circumstances then unanticipated. Subsequent events cannot affect the construction of a will.

From the testimony of claimant, James McKinley, it is apparent that he accelerated his progress at Pratt Institute. He convinced the school officials that he was qualified for classification into an advanced class because of his inherent talent and acquired basic training in high school postgraduate work. Those circumstances do not warrant the finding that the student had "actually" received the higher education, as provided in the will. We confuse diverse factors; one involves time or period of attendance at the higher educational institution; the other, the amount of knowledge abstracted or training received.

Assuming the beneficiary of the educational trust, having inherent qualifications, extended himself and with arduous effort completed two years of higher education in one year prior to the death of the benefactor, could it be contended that the beneficiary should be deprived of $2,400 of the $5,000 trust fund? Assume the student lagged and wasted his time and effort while attending the educational institution prior to the death

of his benefactor, could it not be contended that since the student failed to pass his semester or year the fund should not be diminished? Nowhere in the will can an intent to provide for such contingencies be inferred. In the opinion of the court, the reasonable time factor or the years attended at the higher educational institution prior to testator's death is the meaning expressed in the scheme of the educational course provided for in the will. The "semester" January 1935 to September 1935 should not be charged to time of attendance at the higher educational institution.

Further, it would be reading something into the will which is not there to say that testator intended to separate the year into school periods or semesters and vacation periods and provide for the first though not for the latter. Testator did not intend to deprive his beneficiary of support, medical expenses, clothing, etc., during a school vacation, but intended to pay the expenses of the beneficiary throughout the whole year, at least to an amount of $1,200, if the beneficiary reasonably devoted himself to the completion of an education. Since the time factor determines the amount to be deducted from the trust fund, should the time factor unit be years or parts of a year? The will provided for "each year of education which my grandson has actually received in such educational institution or institutions". The court will not rewrite the will to supply a time factor to cover contingencies not anticipated in the plan of education provided for in the will. The will as construed by this court expresses the intent of testator to provide a broad plan of education covering four years. The plan did not provide for "semesters" or portions of years, and providing for such contingencies is but conforming the will to exceptants' intent.

The question as to whether or not it was the intent of testator to provide a fund for education only during the adolescence or youth of the beneficiary and that it

was not his intent that the fund be expended for adult education of the beneficiary was not raised. See New Britain Trust Co. et al. v. Stoddard, 120 Conn. 123, 179 Atl. 642. The will in question does not expressly exclude adult education. That the beneficiary is seeking adult education and wishes to avail himself of the opportunity is apparent from his testimony. See Estate of May S. Weller, 108 Pa. Superior Ct. 137.

Counter exceptions filed by claimant, James McKinley, charge the auditing judge to be in error for the findings numbered [1], [3] and [5]. The reasons and contentions are set forth as averred:

"It was the will of testator that the sum of $5,000 should be set up in trust for the 'college or higher education' of his grandson, James McKinley, exceptant herein. Testator stated 'college or higher education', meaning that the money should be used by the beneficiary to pursue his education in a recognized college, or in the pursuit of education 'higher' than college, viz, a professional course in a university.

"The word 'higher', as used in item 3 of the will of testator, is not a word of substitution. Testator did not mean college education or any form of education beyond high school—if this were his intention, he would have so stated it. Rather, the word 'higher', as used in the will, is a comparative term and from its position in item 3 it logically refers to only one word, i.e., college."

Exceptant's conclusion is that he is entitled to a trust fund of $5,000, since he received no recognized college education and no education higher than college. It is reasonable to assume that before entrance to a "higher" educational institution, the university professional schools, a college degree is required. The usual time to acquire a college degree is four years. It is not unreasonable to assume that testator in setting up the educational fund for claimant had such knowledge as

the number of years required for a "higher" than college education. If testator intended to provide for such higher education as claimed, under his plan of education and his conditions for diminution of the fund, testator allowed at most $200 for such higher education. See Estate of May S. Weller, supra.

In the opinion of the court, to transpose the phrase "college or higher education" to "higher or college education" would be consistent and support the evident meaning of testator as to his broad plan of education deduced from the whole will: 2 Page on Wills, sec. 937; Conner's Estate, 346 Pa. 271; Whitman's Estate, 329 Pa. 377. Without the modifying transposition, the intent of testator appears from the consideration of the whole will.

And now, November 2, 1949, the exceptions are dismissed and the adjudication is confirmed absolutely.