## Kelly v. Sheehan, Administrator

*J. C. Crumlish, Jr.*, for plaintiff.
*H. Arronson*, for defendant.

FLOOD, J., February 26, 1952.—Plaintiff, the nephew of defendant's testator, alleges that decedent orally contracted to bequeath him $13,000, in exchange for his promise to "care for and minister to decedent's wants and needs and act as a companion to him so long as decedent should live". The uncle died four months after the alleged agreement was made. His administrator denies the existence of the contract and further

contends that even if there were such a contract the measure of damages is restricted to the value of the services rendered to decedent. We have before us defendant's motion for judgment on the pleadings upon the ground that since plaintiff has not alleged any value for the services rendered he has not set forth any case for recovery against defendant. Plaintiff in opposing the motion stands upon his right to recover the sum promised in the contract.

Defendant contends that in such a case as this the ordinary measure of damages in tort and restitution should apply, and recovery therefore should be limited to what plaintiff has lost, the value of services performed by him. Plaintiff urges the measure ordinarily applied in contract cases, the promised benefit, or the amount which decedent promised to will him. It would seem that the contract measure of damages should govern in such a case as this and so the Supreme Court flatly held in the case of Elwood's Estate, 309 Pa. 505 (1932). In view of that decision and the fact that it seems so clearly the correct one (Cf. 5 Williston on Contracts (rev. ed.) 1411 A) we would have no difficulty in denying this motion were it not for the dicta in the cases of In re Jones Estate, 359 Pa. 260 (1948) and In re Stichler Estate, 359 Pa. 262 (1948). In these cases the Supreme Court said that "on a breach of contract to will the whole or part of an estate, the measure of damages is the value of the services rendered and not of the estate promised to be willed". In neither case was the measure of damages in issue, since in both cases the orphans' court held that claimant had not proved that the contract to make a will in her favor had actually been made and this holding was affirmed by the Supreme Court. While we are reluctant not to follow Supreme Court dicta so recent as those quoted, yet they seem to us at variance with the flat decision of the court in the Elwood case

which has not been overruled, unless they can be distinguished from the Elwood case by the fact that in that case, like the one before us, the promise was much more definite. In our case the promise is of a definite sum under the words of the contract, according to the averments of the complaint. In the Elwood case the sum promised had been made definite by the provision for a $4,000 bequest in a lost will.

This may have been considered by the Supreme Court to be different in its effect from the promise in the Jones case, supra, to will claimant the entire estate or that in the Stichler case to leave her the residue. In any event we feel that we must follow the Elwood case and deny the motion.