## Herr Estate.

Argued November 23, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Bruce P. Ryder,* with him *Alfred C. Alspach,* for appellant.

*Carl G. Herr,* for appellee.

OPINION BY MR. JUSTICE BELL, May 23, 1960:

This case arose by a petition for a declaratory judgment. The question involved is narrow but difficult. Is the paper hereinafter quoted a contract or a will?

On August 11, 1933 Isaac R. Herr and his wife, Nora E. Herr, acquired title to premises No. 436 West Walnut Street as tenants by the entireties and resided therein until their respective deaths. The following typewritten instrument dated the 20th day of January, 1942, was duly executed by Isaac R. Herr and Nora E. Herr, his wife, and after the death of Nora E. Herr, who survived her husband, it was recorded in the Recorder of Deeds' office in Lancaster County, Pennsylvania on March 17, 1958. The instrument is as follows:

"WHEREAS, ISAAC R. HERR and NORA E. HERR, husband and wife, are owners of a certain lot or piece of land, situate in the City and County of Lancaster, Pennsylvania, with a 2½ story brich (sic) dwelling house, No. 436 West Walnut Street, thereon erected;

"IT IS HEREBY MUTUALLY AGREED by and between the said Isaac R. Herr and Nora E. Herr, his wife, that upon the decease of the survivor, said above described real estate shall become the property of our nephew Walter A. Herr, his heirs and assigns, and we, each for ourselves, hereby devise and bequeath said real estate to the said Walter A. Herr, his heirs and assigns. Said devise to become operative upon the decease of the survivor.

"Witness our hands and seals this 20th day of January, A. D. 1942.

Witness Present:

|  |  |
|---|---|
| Isaac R. Herr | (Seal) |
| Nora E. Herr | (Seal) |

State of Pennsylvania
County of Lancaster        ss:

On the ~~twenty-first~~ Eleventh day of ~~April~~ May A. D. 1942, before me, a Notary Public in and for said County and State came the above named Isaac R. Herr and Nora E. Herr, and acknowledged the foregoing agreement to be their act and deed and desired the same to be recorded as such.

Witness my hand and Notarial seal the day and year aforesaid.

Mary A. Swarr
Notary Public

My commission expires Jan. 27, 1945."

Who prepared the instrument, or at whose direction it was written does not appear. Isaac R. Herr was a lawyer in Lancaster and notwithstanding failing eyesight, which commenced in 1912 and ultimately resulted in blindness, continued to actively practice his profession until about April, 1944. Mr. Herr employed his nephew Walter in a capacity described as that of a clerk from 1925 until his death, on January 12, 1946. In his last will dated September 16, 1944 Isaac R. Herr

revoked all prior wills and gave his entire estate in trust for his wife for life, with remainder to his nephews and nieces in equal shares. Nora, his wife, died February 12, 1958. In her will dated September 17, 1949 she gave her residuary estate to her living nieces and nephews. In a codicil dated November 13, 1951 she, inter alia, devised a specific parcel of real estate to George M. Acker, directed the sale "of any remaining real estate", and in all other respects ratified her will of September 17, 1949.

Walter A. Herr (Isaac's nephew) claims that the above quoted instrument dated January 20, 1942, was a contract between Isaac R. Herr and his wife to give or devise premises 436 West Walnut Street to him upon the decease of the survivor. Nora Herr's living nieces and nephews contend that the writing in question was a mutual will; that it was obviously testamentary; and that it was revoked by the wills of both Isaac and Nora Herr, although neither specifically referred to this property; and that the instrument is therefore null and void.

President Judge BOWMAN in an able opinion analyzed the written instrument and the contentions of the parties, as well as many cases pertaining to the questions involved, and concluded that the instrument was intended by Mr. and Mrs. Herr to be *an agreement* to give the premises 436 West Walnut Street to Walter A. Herr upon the decease of the survivor. From the decree of the lower Court, one of the nieces took this appeal.

It is obvious that the writing (a) partakes of the nature of an agreement and of a will and (b) that it is ambiguous and (c) that it is sui generis.

The Court in interpreting a will or a contract can always consider the surrounding circumstances in order to ascertain the intention and the meaning of

the parties. Moreover, where an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is created by the language of the instrument or by extrinsic or collateral circumstances. Cf. *Beisgen Estate*, 387 Pa. 425, 128 A. 2d 52; *Logan v. Wiley*, 357 Pa. 547, 55 A. 2d 366; *Gerety Estate*, 354 Pa. 14, 16, 46 A. 2d 250; *Metzger's Estate*, 222 Pa. 276, 71 A. 96; *Fessman Estate*, 386 Pa. 447, 126 A. 2d 676; Laub's Pennsylvania Trial Guide §102, page 207; *Lipsie v. Dickey*, 375 Pa. 230, 234, 100 A. 2d 370; *Betterman v. American Stores Co.*, 367 Pa. 193, 80 A. 2d 66.

Furthermore, it is well established that an agreement to make a will, or to make mutual wills, or to devise one's property to a particular person, or for a particular purpose, is binding and irrevocable when supported by a valid consideration, and in such a case the promise, as well as the consideration, may be proved by parol evidence, but such evidence must be clear, precise and convincing, or, as it is sometimes expressed, clear, direct and positive. *Liggins Estate*, 393 Pa. 500, 143 A. 2d 349; *McGinley's Estate*, 257 Pa. 478, 101 A. 807; *King Estate*, 387 Pa. 119, 126 A. 2d. 463; *Gredler Estate*, 361 Pa. 384, 65 A. 2d 404. In *Liggins Estate*, 393 Pa., supra, Mr. and Mrs. Oldham were the owners of premises 1346 Solomon Street. Mr. Liggins was living with them. He had no work and was despondent, and in order to give him an interest in life they orally agreed to convey to him a one-half interest in this property which was an apartment house, provided that they would *all* make reciprocal wills devising the real estate to the survivors. This agreement they faithfully carried out by reciprocal wills in 1951.

After Mrs. Oldham's death in 1952, Oldham and Liggins, in pursuance of the *original* agreement made

in 1951 between the three of them, each made a new reciprocal will in which each left his interest in 1346 Solomon Street to the survivor. They unwisely destroyed the original 1951 wills, but an exact copy of each will was identified and proved by counsel who drew the wills. Thereafter Liggins made a new will in which he bequeathed and devised everything he possessed to his daughter, Constance Liggins. This Court sustained the original oral agreement and awarded Liggins' interest in 1346 Solomon Street to Mr. Oldham. The Court said: " ' "Mutual wills, that is, where two persons execute wills reciprocal in their provisions, but separate instruments, may or may not be revocable at the pleasure of either party, according to the circumstances and understanding upon which they were executed. To deprive either party of the right to revoke such mutual wills, it is necessary to prove such wills were executed in pursuance of a contract or a compact between the parties and that each is the consideration for the other." When such contract has been proved, the will becomes a writing containing the terms of the agreement, and satisfies the statute of frauds: Shroyer v. Smith, 204 Pa. 310.' " With these principles in mind we shall analyze the paper signed by Mr. and Mrs. Herr.

It starts out with a WHEREAS clause, stating that they are the owners of property 436 West Walnut Street. This is indicative of an agreement rather than a will. It then recites "It is hereby mutually agreed by and between the said Isaac R. Herr and Nora E. Herr, his wife, that upon the decease of the survivor, said above described real estate shall become the property of our nephew, Walter A. Herr, his heirs and assigns. . . ." This language is also indicative of an agreement rather than a will. However, the agreement further provides "and we . . . hereby devise and

bequeath said real estate to the said Walter A. Herr, his heirs and assigns. Said devise to become operative upon the decease of the survivor." The words "devise and bequeath" are indicative of a will rather than of a contract. However, there then follows the phrase "Witness our hands and seals this 20th day of January, A. D. 1942. Isaac R. Herr (Seal) Nora E. Herr (Seal)." This language is indicative of an agreement, rather than a will. Furthermore, Isaac and Nora took an oath before a Notary Public "and acknowledged the foregoing agreement to be their act and deed and desired the same to be recorded as such." This language is indicative of a deed or agreement, rather than a will.

Parol evidence was offered and the trial judge found, based upon the testimony of a disinterested witness, that Isaac and Nora Herr agreed to draw up a piece of paper to the effect that Walter A. Herr was to get the property at 436 West Walnut Street upon the death of both of them, because of Walter's promise to stay in Isaac's office. The witness also testified that during Mrs. Herr's confinement in the hospital, when she asked her about this property, Mrs. Herr said "it was not hers to give."

The Statute of Frauds applies to and renders unenforceable an oral promise or agreement to will real estate. However, a *written* agreement to leave at one's death, or to give by will all or a particular piece of real estate complies with and satisfies the Statute of Frauds; indeed the statute is satisfied if claimant relies upon an oral promise or contract to leave him by will certain real estate if the will or *any other writing* is connected with and supports the parol contract. *Liggins Estate*, 393 Pa., supra; *Gredler Estate*, 361 Pa. 384, 65 A. 2d 404; *Shroyer v. Smith*, 204 Pa. 310, 54 A. 24. Cf. *Cramer v. McKinney*, 355 Pa. 202, 49 A. 2d 374.

The typewritten instrument dated January 20, 1942 is so unusual and unique as to be sui generis. We believe the Court below correctly interpreted this written instrument to be an irrevocable contract which by its terms gave premises 436 West Walnut Street to Walter A. Herr upon the decease of the survivor of Isaac R. Herr and Nora E. Herr, his wife. There was therefore no necessity for the executor of Nora E. Herr to file an account for the purpose of including therein premises 436 West Walnut Street.

Decree as modified affirmed, each party to pay their respective costs.

CONCURRING OPINION BY MR. CHIEF JUSTICE JONES:

The opinion for the court recognizes that the instrument executed by Isaac R. Herr and his wife, Nora, on January 20, 1942, partakes of the characteristics of both a will and a contract and assumes that the instrument cannot function as both but must be construed exclusively as either a will or a contract. With that assumption, I do not agree.

The instrument in question is a joint and mutual will. It is joint because it is one instrument containing wills of two persons; and it is mutual because the wills were made pursuant to an agreement whereby each testament served as the consideration for the other. It is the element of reciprocity which distinguishes mutual wills from ordinary wills. But, there is no rule of law or logic which requires that the contractual element exist *aliunde* the wills, or that it be not contained in the same instrument or instruments as the wills. Indeed, convenience of establishing mutuality is greatly enhanced if the wills and the reciprocal agreement both appear in the same instrument.

Mr. Justice BENJAMIN R. JONES joins in this concurring opinion.