## Baron Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Herbert L. Floum,* for petitioner.

*Burton K. Stein,* for respondents.

SAYLOR, J., March 26, 1965.—Does appeal lie from probate of a duly executed last will of a decedent, possessing testamentary power and not subject to undue influence, because he had contracted to execute, and had executed, a will disposing of his estate in accordance with the terms of the contract?

Decedent died November 19, 1964, leaving a will dated November 4, 1964, wherein he named his wife and three children as his sole heirs. On December 31, 1962, he had executed a will, giving two-thirds of his estate to his niece, Shoshana Maller, pursuant to his oral agreement to do so in return for services rendered by her.

The niece petitioned the court for a citation directed to the parties named in the later will to show cause why her appeal from probate should not be sustained, the decree of probate set aside, and an issue decreed to try by jury the question of fact whether the earlier will is irrevocable and based upon a valid contract between decedent and petitioner.

It would appear that in as much as the probated will was a valid one, the claim of the petitioner, if it be based on a contract that is binding upon decedent, must be heard and adjudicated at the audit of the account of the executors to whom letters testamentary have been issued. As there is no defect in the execution of the probated will, and as it is unquestionably the last will of decedent, there can be no validity in the niece's position that it should not have been probated.

As this matter is being presented to us on petition

and preliminary objections, all well-pleaded averments in the petition are to be taken as true: Stahl v. First Pennsylvania Banking and Trust Co., 411 Pa. 121 (1963); Pritchard v. Wick, 406 Pa. 598 (1962); Bogash v. Elkins, 405 Pa. 437 (1962); Hamilton Estate, 351 Pa. 419, 421 (1945). We must, therefore, accept as admitted petitioner's averment that she performed as housekeeper the services set forth in the petition, and the averment that decedent executed the 1962 will in performance of his part of the obligation entered into by him.

Such a contract based on valuable consideration, if made by the parties, is enforceable in the courts. An agreement, supported by consideration, to make a will or not to make a will, or to devise property in a stipulated manner, is binding and irrevocable: Kocher Estate, 354 Pa. 81 (1946); Gredler Estate, 361 Pa. 384 (1949); Liggins Estate, 393 Pa. 500 (1958). However, the existence of such a contract, which itself could be proven to be irrevocable, does not make any will written in conformity with it "an irrevocable will."

In Way's Estate, 379 Pa. 421 (1954), it was held that an agreement between the parties did not prevent probate, as the agreement affected distribution and not probate. The court, at page 429, quoted from Carson's Estate, 241 Pa. 117, 121 (1913), the following:

"The probate of a will without regard to its provisions is one thing; distribution of the estate of the testator in accordance with its terms is another. The former is for the register; the latter is none of his concern. Distribution is for the court alone, and, on distribution, and not before, is the validity of the provisions of a will to be passed upon. . . ."

Also cited in Way's Estate, supra, is Norris's Estate, 329 Pa. 483, where Justice Linn said, at page 492:

"Of course we do not hold that when probate of an

instrument, otherwise entitled to probate as a will, is objected to on the ground that its provisions are in conflict with an alleged agreement to make a different disposition of property, probate may be refused on that ground; the law is otherwise . . ."—citing, inter alia, Baum's Estate, 260 Pa. 33 (1918).

Having ruled that petitioner is a claimed creditor, it follows that the question she presents is one of distribution and not of probate. The sharp line of distinction between these two basic phases of this court's jurisdiction appears in Rockett Will, 348 Pa. 445, wherein this court was sustained in holding that a probate question was improperly presented at the audit of the fiduciary's account. Here we have the converse of Rockett. We, therefore, hold that the question, being one of distribution, has no place in this probate proceeding.

In Baum's Estate, supra, the Supreme Court held that the orphans' court was without jurisdiction to revoke the probate of a will allegedly bearing an incorrect date of execution. The one and only ground alleged in support of the appeal was that the will in question was in fact executed a year later than the date it bears. The court said, page 38:

"Does this circumstance, if established, touch 'the validity of the will?' The probate is assailed on no other ground; the genuineness of the will is admitted, as is the testamentary capacity of the testator, which includes as well his freedom from all restraint or undue influence. With these facts established and undisputed, what was there then left that the Orphans' Court had jurisdiction to inquire into? . . . Let the contention that the testator made a mistake in the date of the execution of the will be admitted, how does such mistake affect the validity of the will? It was right here that the court below made the fatal error of failing to distinguish between invalidity and partial inopera-

tiveness. However inoperative a will may be with respect to some of its provisions, if executed in accordance with the requirements of the statute and the testator be of testamentary capacity, it is nevertheless a valid will."

This for the reason that even if some of the dispositive provisions in a will are inoperative due to a contract to the contrary, other dispositive provisions are still enforceable. Nor should the testator agreeing to make such disposition of his estate be prevented or debarred from making in a later will even more beneficial provisions for the person in contract with him. Nor should he be denied the right to change his executor, or possibly his trustee, or the way in which he wishes to dispose of his property not given to the party in contract with him. Hence, it must be concluded that the earlier will making provision for the petitioner was not irrevocable and could not properly be admitted to probate as the last will and testament of the testator.

In Stevens Estate, 13 Fiduc. Rep. 39 (1962), it was held that a petition for specific performance of a contract to will the entire estate of the decedent for services rendered constituted a notice of claim for such services, the measure of damages to be the value of the services rendered, not the estate promised. Citing Jones Estate, 359 Pa. 260 (1948), and Stichler Estate, 359 Pa. 262 (1948).

The petitioner has cited in support of her petition, McGinley's Estate, 257 Pa. 479 (1917), where mutual wills were involved. There, the Supreme Court, at page 483, said:

"It is well settled that one may enter into a valid contract to dispose by will of his property, real or personal, in a particular way, and that such will is irrevocable and the contract will be specifically enforced."

Quoted in the opinion is language from Thompson on Wills, section 28:

"Mutual wills, that is where two persons execute wills reciprocal in their provisions, but separate instruments, may or may not be revocable at the pleasure of either party, according to the circumstances and understanding upon which they were executed."

We are not concerned here with mutual wills. The more recent decisions of the Supreme Court above cited do not follow the broad language above quoted. Nor is McGinley's Estate apposite.

The petitioner before us must present her claim at the audit of the account to be filed by the executor, to whom letters testamentary were issued upon the probate of the valid will of the testator. She cannot procure relief by appeal from such probate.

The preliminary objections are sustained, and the petition for citation is dismissed.