**Estate of Jerome Joseph Bahl**

*Benjamin Rosenshine*, for accountant.
*Donald H. Melaney*, for objector.
*Dale T. Lias*, for sole legatee.

ROSS, E., *J.*, May 4, 1982—When decedent dies

seised of real estate, does the Statute of Frauds, Act of March 21, 1772, 1 Sm.L. 389, 33 P.S. §, always require that a contract to make a will devising such real estate be in writing signed by decedent? This issue is raised by the objections to the final account of the executor, William J. Bahl, filed by claimant Ruth Lillian Kopar who asserts she is entitled to the estate balance by reason of an alleged contract to make a will. A motion by the executor to dismiss the objections was filed. At the argument on the objections and motion, claimant orally presented an alternate claim based on a contract implied in law.

Jerome J. Bahl died testate, June 20, 1981, a resident of Allegheny County, Pa. His residue passes to Arthur Richard Bahl. Ruth Kopar asserts decedent contracted orally to make a will in her favor in consideration of housekeeping and general care rendered by her to him January, 1979, until November, 1980, and in consideration of housekeeping and nursing sevices given by her to him in her own home where decedent lived from November, 1980, until his death.

Decedent had a will prepared leaving the entire estate to claimant but the document was never signed because of decedent's intervening death. May the unsigned will operate as a memorandum taking the oral contract out of the Statute of Frauds? Should the court find no public policy requires the applicability of the statute in the case before us?

There is no question that a contract to make a will, if properly proved, is binding and irrevocable if supported by consideration: Cridge's Estate, 289 Pa. 331, 337, 137 Atl. 455, 458 (1927). Such a contract must be subjected to the closest scrutiny and proved by evidence precise and indubitable: Lig-

gins Estate, 393 Pa. 500, 505, 143 A. 2d 349, 352 (1958); Roberts Estate, 350 a. 467, 469, 39 A. 2d 592, 593 (1944).

A parol contract to devise land such as in the instant case is within the Statute of Frauds, and must be in writing and, if claimant can prove only an oral contract, she will be entitled to the proved value of the consideration shown to have been furnished by her and not the value of the estate promised: Stichler Estate, 359 Pa. 262, 263, 59 A. 2d 51 (1948); Hertzog v. Hertzog, 34 Pa. 418, 420 (1859). Claimant cannot ask us to sever the real estate from the personalty and enforce the parol agreement as to the latter alone: Norris's Estate, 329 Pa. 483, 492, 198 Atl. 142, 147 (1938).

An oral contract to make a will may be removed from the bar of the Statute of Frauds, by proof of a written memorandum of the agreement signed by decedent: Beeruk's Estate, 429 Pa. 415, 419, 241 A. 2d 755, 758 (1968). A properly executed will, written and signed at the end, which refers to the oral contract satisfies the statute: Liggins Estate, supra, 504 and 351.

The oral agreement cannot operate as a will because only written wills are permitted under section 2502 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, 20 Pa.C.S.A. §2502: Stichler Estate, supra, 263 and 51. Nor does decedent's unsigned will satisfy the statutory requirement that a will be signed at the end: Probate, Estates and Fiduciaries Code of June 20, 1972, P.L. 508, 20 Pa.C.S.A. §2502. Thus, in the instant case there is no properly executed will operating as a written memorandum referring to the oral agreement, taking it out of the Statute of Frauds, and rendering it enforcible if properly proved.

Claimant argues that the Statute of Frauds, should be applied only to those cases brought where there is a danger of fraud and not to those instances where it is clear that no fraud is likely. The statute, however, draws no such distinction and this court cannot judicially legislate such an exception.

Even if this court now refuses specific performance of a parol contract to make a will, claimant having alternatively claimed on a contract implied in law may recover the value of her services if she proves them: Pulli v. Warren National Bank, 488 Pa. 194, 197, 412 A. 2d 464, 465 (1979). Smail v. Carson, 59 West. 42, affirmed per curium, 482 Pa. 520, 521, 394 A. 2d 433 (1978). Claimant's alternative theory is based on the performance of requested services which have been accepted, raising a promise implied in law that decedent-recipient would compensate the claimant-donor therefor: Curry v. Curry, 114 Pa. 367, 371, 7 Atl. 61, 63 (1886). A hearing will be held on this question.

Claimant will have to prove by clear, precise and convincing evidence that services were rendered by her at the request of decedent and the extent and reasonable value of her work, and she must overcome the presumption that periodic payment was made: Dart Estate, 426 Pa. 296, 298, 232 A. 2d 724, 726 (1967); Klemow Estate, 411 Pa. 136, 140, 191 A. 2d 365, 368 (1963); Gillbraith's Estate, 270 Pa. 288, 294-295, 113 Atl. 361, 362 (1921). Although no promise to pay is presumed when rendered by a child to a parent or vice versa, the presumption of such promise to pay grows stronger as the relationship of the parties grows more remote: Gibb's Estate, 266 Pa. 485, 487, 110 Atl. 236, 237 (1920).

The court sustains the objection of the personal representative to proof of an oral contract to make a

will devising real estate which contract has not been the subject of a written memorandum signed by decedent. The court finds no merit to the proposition that the Statute of Frauds is to be applied only in case where fraud is likely.

Claimant may at the hearing proceed to proof of her case on the theory of a contract implied in law.

## ORDER

And now, May 4, 1982, it appearing that at the audit of the final account of William J. Bahl, the executor of the estate of Jerome J. Bahl, deceased, objections to the account were presented by Ruth Lillian Kopar as beneficiary of an oral contract by decedent to make a will devising real estate to her and it further appearing that the personal representative filed a petition to dismiss the objections on the ground that proof of the oral agreement to devise real estate to claimant was barred by the Statute of Frauds, Act of March 21, 1772, 1 Sm.L. 389, 33 P.S. §1, and it appearing further that claimant asserts an alternative claim for the value of her alleged services to decedent based on a contract implied in law, after consideration of the oral and written arguments of counsel,

It is ordered, adjudged and decreed that the prayer of the petition of William J. Bahl, executor of the estate of Jerome J. Bahl, to dismiss the objections to the account is hereby sustained without prejudice to the right of Ruth Lillian Kopar to proceed at the scheduled hearing on her alternative claim under a contract implied in fact.