467 A.2d 870

**John R. MORRIS and Elaine J. Morris, his wife**

**v.**

**BENSON & BENSON, INC., Appellant.**

Superior Court of Pennsylvania.

Argued May 3, 1983.

Filed Nov. 4, 1983.

16

James G. Gillespie, Philadelphia, for appellant.

David M. MacFarlan, Horsham, for appellees.

Before McEWEN, MONTGOMERY and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal involves several challenges to the lower court's assessment of damages resulting from contracts entered into by appellant, a builder, and appellees, contractors. We find no merit in appellant's contention that the lower court erred in failing to consider payments already made to appellee; however, we must remand for findings of fact in order to review appellant's remaining contentions.

In February and March 1974, the parties entered into two agreements whereby appellees, owners of JRM Construction Co., would perform plumbing, heating and air conditioning work at both a condominium complex, Benson House, and a shopping center, Willowbrook, being built by appel-

lant, Benson & Benson. In addition to these base contracts, the parties entered into an oral supplemental agreement for additional work to be done on three stores at Willowbrook. Finally, apart from the formal agreements, appellees allegedly performed work in excess of that required by the contracts. Appellees, not having been compensated for the extra work, filed a complaint in assumpsit asking for $42,-401.87 above the $558,924.68 previously paid by appellant. Appellant denied liability for the extra work and counterclaimed for costs incurred in finishing work on the condominiums left uncompleted by appellees. Following a nonjury trial, the lower court entered a verdict ultimately awarding appellees $21,318.83 after deducting approximately $5,500 awarded on appellant's counter-claim. Exceptions to the trial court's order were heard by the lower court en banc and denied. This appeal followed.

Appellant contends first that the lower court erred in failing to consider the amounts already paid on the initial contracts. The issues to be addressed at trial must be framed in the parties' pleadings. *See* Pa.R.Civ.P. 1019 (contents of pleadings). Here, appellees' complaint sought compensation for extra work performed beyond the requirements of the original contracts. Paragraph five of the complaint averred that the parties agreed that all extra work on the condominium project would be paid for on a time and materials basis. Paragraph sixteen dealt with extra work on the shopping center. In answer to paragraph five, appellant agreed to be liable for extra work approved by appellant as per specifications of the contract. The answer also noted that, "extra work was to be paid for by an agreed upon sum, prior to commencement of the work." (Answer at paragraph 5). The answer to paragraph 16 admitted that extra work was performed on the shopping center. Moreover, the evidence offered at trial focused on the specific work done by appellees that warranted additional payment. Appellee John Morris testified as to each of his company's actions that constituted extra work. For example, one extra for which the lower court

credited appellees was preparation of the ground for the condominium's health club and sauna. Morris testified that, "[t]ime and material billed, with 20 percent profit and overhead, $412.40. Mr. Shields [appellant's agent] agreed to it." Counsel then asked, "Did you receive any objection to this billing?" Morris replied, "none." (N.T. at 13). The proof at trial consisted of many similar exchanges on each of the items for which appellees claim money is due and owing. Accordingly, we cannot say the lower court erred in disregarding the base contracts in making its award. Those contracts had already been paid and neither their interpretation nor construction were disputed or raised in the pleadings. Appellant would have us believe that payment for the extra work performed was somehow contingent or dependent on the base contracts. We, however, agree with the lower court that the obligation pursuant to those contracts had already been performed and that claims for payment for extra work were separate and apart from the original contracts. Accordingly, we find no merit in appellant's contention.

■ Because the lower court failed to provide findings of fact in support of its verdict, we cannot satisfactorily review appellant's remaining contentions. Appellant contends that the lower court (1) failed to consider the supplemental contract for the shopping center; (2) erred in finding appellees justified in refusing to complete the condominium contract; and (3) applied an incorrect standard of damages. The lower court opinion, instead of offering the basis of its conclusions, simply reiterates its verdict and states its ultimate conclusions as to the parties' actions. Because the opinion fails to address appellant's specific contentions, we have no basis upon which to review appellant's claims. *See Builders of Sanitary Sewers, Inc. v. Tamaqua Borough Authority,* 307 Pa.Superior Ct. 459, 453 A.2d 674 (1982) (remanded for specific consideration of appellant's contentions).

Accordingly, we remand for consideration of whether appellant's contentions are sufficient to require relief be granted.

It is so ordered. Jurisdiction retained.