WIEAND, Judge:
 

 In this action to recover on an express contract to do excavation work, the trial court instructed the jury, without any request therefor, that even if there were no contract, the excavation contractor could recover on the basis of quantum meruit. The owner, against whom the jury returned a verdict, contends that this was error. We agree. Therefore, we reverse and remand for a new trial.
 

 In June, 1987, Wayne E. Schaefer, t/d/b/a Schaefer’s Excavating (Schaefer), contracted to do excavation work for a development project owned by Stewartstown Development Company (Stewartstown). The terms of the agreement were set forth in a written contract which required Stewartstown to pay for the work a fixed price of $195,000.00. After Stewartstown had been working on the project for several months, a part of the development tract was sold, and the subdivision plan was revised. This caused a change in the scope of the excavation, as some of the work originally required was deleted and new work was added. After most of the excavation work had been done, a dispute arose regarding payment.
 
 *356
 
 Schaefer submitted bills in the total amount of $349,000.00, but Stewartstown made no payments beyond $197,000.00. Alleging breach of an express contract, Schaefer sued to recover a balance of $152,060.00, plus interest at the rate of one and one-half (I1/) percent per month. Stewartstown denied a contract to pay the difference and asserted a counterclaim for unfinished and/or defective work in the amount of $34,000.00. At a pre-trial conference, the possibility of a recovery on the basis of quantum meruit was discussed as it pertained to work in excess of that called for by the original contract; but the complaint was not amended, and the case went to trial on the basis of an express contract.
 

 At trial, Schaefer’s testimony was that, in June, 1988, he had submitted to Stewartstown a written offer to finish the revised project for a total price of $360,000.00. This offer, he said, had been accepted orally by Stewartstown. Stewartstown denied that it had agreed to a price of $360,000.00, but did agree that the original contract had been modified to provide for payment of the additional work. This work, Stewartstown contended, was to be paid for at the unit prices on which the original contract had been based. On this basis, Schaefer would have been entitled to recover a total price of $233,000.00, of which $197,000.00 had already been paid. The jury returned a general verdict for Schaefer in the amount of $160,400.00.
 

 The trial court, after charging the jury on the law of contracts, added the following instruction:
 

 [W]ith an oral contract, particularly, there can be a problem in that one side may think we have agreed to do it this way and then the other side has a misunderstanding and they think they have agreed on something else.
 

 They proceed to do the work and all of a sudden discover, [g]ee, we did not agree on the same thing. Now, that creates a problem because a contract is not valid and binding unless the parties have both agreed to the same thing.
 

 
 *357
 
 Well, if they have not agreed to the same thing but the work is already done, obviously, it would not be fair for the owner of the land to receive the benefits of all the work and for the excavator to be out of all that money just because there was a misunderstanding.
 

 What do you do in that situation? Well, you find, first of all, that you cannot enforce the terms of either agreement because there was a complete misunderstanding as to each party as to what the agreement was, so there was no agreement on the terms as either of them thought there was and what you then apply is what the law calls quantum meruit.
 

 That simply means that you then, as a jury, determine what a fair price is for the work that was actually performed for the benefit that the owner of the land received.
 

 He then has to pay that amount. So it is not a matter of what the owner thought the contract was. It is not a matter of what the contractor thought the contract was. Instead you determine what a fair amount is. So you have to determine here is there a contract, what were the terms of the contract, did the parties agree on the same terms.
 

 [I]f not, if you find they did not have an agreement as to the same terms, then you apply quantum meruit and you determine what a fair amount would be for the work that was done and for the benefit that the land owner received, which I think brings you back to where I said at the beginning, which is you heard the testimony, you decide the case.
 

 Later, the court said to the jury:
 

 You also have to determine if there were any modifications to the contract; and if there were, then you have to go back and apply that whole legal process that I just described to the modifications.
 

 Was there a meeting of the minds on the modifications? Did they both understand the same thing? And if they did, then you have a new contract.
 

 
 *358
 
 You completely forget the first contract and you enforce the contract as modified; however, if you find that there were modifications but there was not a meeting of the minds, then you may be falling back on the quantum meruit that I mentioned before and you would award the amount that is fair for the work performed.
 

 . Let me give you an example of how that would work using the actual terms. There was a plan presented to the contractor by the owner. There is a dispute as to whether it was the full plans showing all the riprap for the swale, the rock swale, or it was just a very preliminary plan that did not show that.
 

 In response to it, the contractor/the excavator gave back a written proposal identifying certain work that would be done for a certain price. The land owner tells you this was a fixed price contract for a set amount of dollars and he tells you that the terms of that agreement were that the contractor would fully perform all the work necessary to carry out the plan, the full three sets of plans with the rock swale included.
 

 The Plaintiff, the contractor, argues, no, they cannot be the same because my proposal only had 3500 in for swales and that swale work would have been a 75 — 70 or $75,000 item. So, obviously, I was not bidding on that; and if the owner thought I was, then, obviously, we had a big mistake.
 

 The owner’s argument would be, [w]ait a minute, I gave the plans, what else could he have been bidding on, that is what I gave you, that is what I asked you to do and if you gave me a proposal to do the work, you must have been accepting what I asked you to bid on that is why I gave you the plans. So you would know exactly what to bill.
 

 So you are going to have to work out was a contract reached at that point and what terms or was there just a failure to agree on the terms in which case you stop the contract in the sense of the quantum meruit. The owner still received the benefit of the work that was done under
 
 *359
 
 whatever the misunderstanding was and the contractor is still entitled to be paid for that work because the land owner here is getting the benefit of it and, therefore, he is getting the benefit of it.
 

 It is fair to have him pay a reasonable price for it. The land owner indicated that since he had a fixed price contract, that if there was a mistake made, the contractor should be bound by that anyway.
 

 It is difficult to know what it was that prompted the court to tell the jury that if the parties were mistaken about the meaning of their contract, the excavation contractor could nevertheless recover on the basis of quantum meruit. “Mistake” had not been pleaded as a defense, and the plaintiff had not alleged a cause of action based on quantum meruit. The issue for the jury was relatively uncomplicated and straightforward. That issue was whether the agreed price for the excavation work was a lump sum figure of $360,000.00 or a unit price, based on the original contract, under which the contractor’s total price would have been $233,000.00. It was error, therefore, for the trial court to inject such concepts as “misunderstanding,” “mistake,” and quantum meruit.
 

 “The primary purpose of a court’s charge to the jury is to apprise the members of the jury, in an understandable manner, of the legal principles by which they must decide the case.”
 
 Hawthorne v. Dravo Corp.,
 
 352 Pa.Super. 359, 368, 508 A.2d 298, 302 (1986). It is well-established that “[t]he trial judge is bound to charge the jury only on the law applicable to the factual parameters of a particular case. It is also well recognized that a trial judge may not instruct the jury on law inapplicable to the matter before it.”
 
 McKee by McKee v. Evans,
 
 380 Pa.Super. 120, 145, 551 A.2d 260, 272 (1988). Thus, “instructions given to a jury must be confined to the issues raised in the pleadings and the facts developed by the evidence in support of such issues.”
 
 Heymann v. Electric Serv. Mfg. Co., Inc.,
 
 412 Pa. 338, 348, 194 A.2d 429, 432 (1963). See also:
 
 Hrivnak v. Perrone,
 
 472 Pa. 348, 354-355, 372 A.2d 730, 733 (1977); 38 Pennsylvania Law Encyclopedia, Trial, § 284. Cf.
 
 Rizzo v. Michener,
 
 401 Pa.Super. 47, 54, 584 A.2d
 
 *360
 
 973, 976 (1990) (“The charge of the trial court should not exclude any theory or defense that has support in the evidence.”). Thus, a court may not
 
 sua sponte
 
 instruct the jury on issues or theories not raised by the parties.
 
 McKee by McKee v. Evans, supra,
 
 380 Pa.Super. at 146, 551 A.2d at 272. Accord:
 
 Hrivnak v. Perrone, supra
 
 472 Pa. at 354-355, 372 A.2d at 733 (trial judge may not introduce theories not raised by parties);
 
 Hamley v. George,
 
 365 Pa. 543, 548, 76 A.2d 181, 183 (1950) (instruction on inapplicable law is error which mandates new trial);
 
 Nye v. Commonwealth, Dep’t of Transp.,
 
 331 Pa.Super. 209, 216, 480 A.2d 318, 322 (1984) (trial judge may not instruct jury on inapplicable law);
 
 Morris v. Benson & Benson, Inc.,
 
 321 Pa.Super. 15, 17, 467 A.2d 870-871 (1983) (“The issues to be addressed at trial must be framed in the parties’ pleadings.”)
 

 A similar issue was considered by the Supreme Court in
 
 Zawada v. Pennsylvania Sys. Bd. of Adjustment,
 
 392 Pa. 207, 140 A.2d 335 (1958). There, the Court held that an action for breach of an express contract and an action to recover damages on the theory of quantum meruit were distinct in nature and that each had to be pleaded before a recovery therefor could be had. The Court explained:
 

 That the two actions — quantum meruit and express contract — are utterly distinct in nature is clear beyond question: La
 
 ch v. Fleth, Admr.,
 
 361 Pa. 340, 348, 64 A.2d 821;
 
 John Conti Co., Inc. v. Donovan,
 
 358 Pa. 566, 572, 57 A.2d 872;
 
 Cramer v. McKinney et al., Executors,
 
 355 Pa. 202, 204, 49 A.2d 374. After a failure to prove an express contract to pay a sum agreed upon by the parties for services a claimant cannot then be allowed to recover in the same action the reasonable value of those services on the basis of a quantum meruit; such a claim must first be pleaded so that the defendant may have an opportunity to assert whatever defenses he may have against it:
 
 Burr Estate,
 
 381 Pa. 547, 548, 113 A.2d 712;
 
 Cramer v. McKinney,
 
 355 Pa. 202, 204, 49 A.2d 374, supra;
 
 Witten v. Stout, Executor,
 
 284 Pa. 410, 412, 131 A. 360;
 
 Bemis et ux. v.
 
 
 *361
 

 VanPelt, Exr., et al.,
 
 139 Pa.Superior Ct. 282, 289, 290, 11 A.2d 499.
 

 Id.
 
 392 Pa. at 213, 140 A.2d at 338. It seems abundantly clear, therefore, that the issue in the instant case was unnecessarily muddied by the trial court’s unwarranted and inappropriate instructions on quantum meruit. Plaintiff alleged and relied upon an express contract by defendant to pay $360,000.00 for excavation work. The defendant alleged a contract for another price. Because the relationship between the parties was founded on an express contract, the doctrine of quantum meruit was inapplicable.
 

 Unfortunately, the erroneous instruction may have caused the jury to make an award in an amount which it deemed “fair and reasonable” rather than one based on the agreement of the parties. The error, therefore, requires that a new trial be granted.
 

 Under the circumstances, we find it unnecessary to consider the trial court’s jury instructions on plaintiffs right to recover pre-judgment interest. Suffice it to say that the court’s instructions do not contain clear error and that any ambiguity therein can readily be clarified upon a retrial.
 

 Reversed and remanded for a new trial. Jurisdiction is not retained.