J. A32032/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| OBERMAYER REBMANN MAXWELL & HIPPEL LLP, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : : : | |
| MICHAEL COLAIZZO | : : | |
| Appellant | : | No. 682 EDA 2014 |

Appeal from the Judgment Dated January 15, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: June Term 2012  No. 0389

BEFORE: PANELLA, OLSON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                 **FILED DECEMBER 16, 2014**

Appellant, Michael Colaizzo, appeals from the judgment entered in the Philadelphia Court of Common Pleas in favor of Appellee, Obermayer Rebmann Maxwell & Hippel, LLP, following a jury trial.  He suggests the trial court erred by not instructing the jury on duty of good faith and fair dealing in fulfilling a contract and by granting Appellee's motion *in limine* to preclude evidence purporting to establish Appellee's failure to mitigate damages.  We find both issues waived and affirm.

We adopt the facts and procedural history set forth by the trial court. ***See*** Trial Ct. Op., 6/27/14, at 1-4.  After the adverse jury verdict, Appellant

---

[*] Former Justice specially assigned to the Superior Court.

timely moved for a new trial raising the two grounds set forth above. The

trial court denied same, and Appellant timely appealed and timely filed a

court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues:

> Whether the trial court erred when it did not charge the jury on the duty of good faith and fair dealing, which is implied in every contract, and which was applicable to this matter and which instruction was requested by [Appellant] and was not given.

> Whether the trial court erred when it precluded evidence from trial that would have demonstrated [Appellee's] failure to mitigate its damages.

Appellant's Brief at 5.

We summarize Appellant's arguments for both issues. Because

Appellee engaged in unreasonable billing, Appellant maintains that Appellee

failed to comply with an alleged duty of good faith and fair dealing. He thus

suggests the court erred by not charging the jury on the duty of good faith

and fair dealing. He hypothesizes that the jury thus lacked the framework to

comprehend his arguments that Appellee "excessively billed for or performed

unnecessary" legal work. *Id.* at 14. Lastly, Appellant claims that Appellee

failed to mitigate its damages. He reasons that Appellee represented him in

two other breach of contract cases that he won. Appellant alleges that the

contracts at issue had a fee-shifting provision and thus Appellee was

obligated to move to collect the fees under that provision. In other words,

Appellant asserts that Appellee was required to offset the fees owed in the

instant case with fees owed in those two other cases. Appellee counters, *inter alia*, that Appellant waived the charging issue by failing to object on the record. We hold Appellant is due no relief.

We address whether Appellant waived his first issue. Pennsylvania Rule of Civil Procedure 226 provides as follows:

> (a) Points upon which the trial judge is requested to charge the jury shall be so framed that each may be completely answered by a simple affirmation or negation. Attorneys shall hand copies of requested points for charge to the trial judge and to the opposing attorneys before the closing addresses to the jury are begun. A requested point for charge that was presented to the trial judge becomes part of the record when the point is read into the record, or filed in the office of the prothonotary prior to filing a motion for post-trial relief regarding the requested point for charge.

> *Note*: An appellate court will **not** review an objection to a ruling of a trial court regarding a point for charge unless the point for charge was (1) presented to the court and (2) made a part of the record by either reading the point into the record or filing it in the office of the prothonotary prior to filing a motion for post-trial relief.

Pa.R.C.P. 226(a) & note (emphasis added). Rule 227(b) governs when exceptions must be taken to the jury charge:

> (b) Unless specially allowed by the court, all exceptions to the charge to the jury shall be taken before the jury retires. On request of any party all such exceptions and arguments thereon shall be made out of hearing of the jury.

Pa.R.C.P. 227(b). Finally, we note we can affirm the trial court on any basis. ***Donnelly v. Bauer***, 720 A.2d 447, 454 (Pa. 1998).

Instantly, we agree with Appellee that Appellant waived the issue. Appellant did not make the disputed point of charge part of the record by either reading it into the record or filing it with the prothonotary prior to moving for post-trial relief. *See* Pa.R.C.P. 226(a). Furthermore, no exception was taken on the record prior to the jury retiring. *See* Pa.R.C.P. 227(b). Accordingly, Appellant's point of charge issue is not preserved for review by this Court and we affirm the trial court on this issue, albeit on other grounds. *See* Pa.R.C.P. 226(a); *Donnelly*, 720 A.2d at 454.

Before addressing Appellant's second issue, we state the applicable standard of review:

> With respect to a request for a new trial, our standard and scope of review follows:
>
>> To review the two-step process of the trial court for granting or denying a new trial, the appellate court must also undertake a dual-pronged analysis. A review of a denial of a new trial requires the same analysis as a review of a grant. First, the appellate court must examine the decision of the trial court that a mistake occurred.
>>
>> *   *   *
>>
>> The appropriate standard of review also controls this initial layer of analysis. If the mistake involved a discretionary act, the appellate court will review for an abuse of discretion. If the mistake concerned an error of law, the court will scrutinize for legal error.
>>
>> If the appellate court agrees with the determination of the trial court that a mistake occurred, it proceeds to the second level of

analysis. The appellate court must then determine whether the trial court abused its discretion in ruling on the request for a new trial. Discretion must be exercised on the foundation of reason. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. A finding by an appellate court that it would have reached a different result than the trial court does not constitute a finding of an abuse of discretion. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.

*Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 891-92 (Pa. Super. 2011) (citation omitted), *appeal granted in part*, 47 A.3d 1174 (Pa. 2012).

The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (quotation marks and citations omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013).

With respect to Appellant's second issue, we note that he failed to cite any legal authority in support of his argument. *See* Appellant's Brief at 17-20. Accordingly, we find it waived. *See In re Estate of Whitley*, 50 A.3d at 209. Having discerned no abuse of discretion, *see Braun*, 24 A.3d at 891-92, we affirm the judgment below, albeit on other grounds. *See Donnelly*, 720 A.2d at 454.

J. A32032/14

Judgment affirmed.

Judge Panella joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2014

- 6 -

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL SECTION

OBERMAYER REBMANN MAXWELL     :
& HIPPELL, LLP.,                             :
                                             :     JUNE TERM, 2012 NO. 03895
          vs.                                :
                                             :
MICHAEL V. COLAIZZO                          :     682 EDA 2014

PA. R.C.P. 1925(a) OPINION

## I.    PROCEDURAL/FACTUAL HISTORY

Plaintiff filed a Complaint on September 29, 2012. The Complaint included claims of

Breach of Contract, Unjust Enrichment, Quantum Meruit and Action on Account against the

Defendant for fees, $375,251.14, without late charges or interest, owed to the Plaintiff in

connection with the Plaintiff's representation of the Defendant in two legal actions involving the

attempted sale/development of property owned by the Defendant.

The Defendant had been acquainted with Jerry Kline, one of the members of the Plaintiff-

firm, through their work together on a local Board that represented builders and contractors in

Philadelphia. Defendant approached Mr. Kline for the Plaintiff to represent the Defendant' with

problems he was encountering in the development of property known as the "Queen's Walk"[1],

---

[1]The two underlying actions are docketed at Montrose Investments, LLC d/b/a Queen's Walk, L.P. v. Michael Colaizzo; 0510-03407 and Gumbo Brothers, LLC v. Queens Walk, LP v. Michael Colaizzo; 0606-01645

Obermayer Rebmann Maxwell & Hippel Llp Vs Co-OPFLD




ch was an 18 unit development worth approximately $500,000 in 1999. (N.T. 09/24/13, pp. 69-73, 76-77).

Defendant owned the subject property and sought to develop the land into either condominiums or town homes. In 2003, he went to Michael Garnick and Richard Kowit for financing. There was a sales agreement for the property and the limited liability partnership of Queens Walk was formed. Garnick and Kowit were responsible for financing the project, including obtaining the requisite permits, contractors, etc. Defendant was to receive 20% of monies received from the units once developed. (N.T. 09/24/13, pp. 125-126, 126-131). Without his consent, Defendant's partners attempted to sell the property to Gumbo Brothers. Defendant refused to agree to the sale. Thereafter, litigation was instituted as referenced in footnote one of the opinion.

As a result, Defendant sought Plaintiff's representation. A letter of engagement/fee agreement was signed on May 5, 2005. The re: clause states "Sale of Real Estate to Richard Kowit, Michael Garnick and Queen's Walk, L.P." The first paragraph states that "We are pleased that you have requested this firm to represent you respecting the sale of 912-920 South 5th Street and 509-29 Montrose Street to Messrs. Kowit and Garnick." The letter further states that "We will include with each bill a detailed statement of the time spent and the services rendered by each attorney and/or paralegal who rendered services during the prior month".

The Defendant agreed that the Plaintiff would be paid on an hourly fee as opposed to a contingency fee basis; specifically agreeing to the hourly rate of $325 for any work performed by Mr. Kline and $350 an hour for Parry Warner's work performed. (N.T. 09/24/13, pp. 25-28, 29-

2

, 84; 69-73, 76-77, 132-134). Both underlying actions were somewhat involved and lengthy with numerous pre and post-trial motions filed, briefed and argued. For example, in the <u>Montrose</u> action a nine day jury trial tried over the course of several months resulted; and in the <u>Gumbo</u> action an appeal was taken regarding Defendant's cross-claim. (N.T. 09/24/13, pp. 283-88, 89-91, 93-100, 115-120,134-149, 165-168).

Defendant was billed per the agreement from May of 2005 through approximately March of 2009. Defendant stopped making payments in June of 2007. In October of 2011, Plaintiff was permitted to withdraw as counsel in the <u>Gumbo</u> action; non-payment of fees was the basis for the withdrawal. (N.T. 09/24/13, pp. 109-112). Defendant had paid $271,000 to Plaintiff for services rendered. The outstanding balance owed was $375,251.14. <u>Id.</u> at 38-39, 158.

Defendant received Plaintiff's bills. After he stopped paying, he continued to receive statements and advised the Plaintiff that he was having trouble paying the bills but that he still required the Plaintiff's representation in the litigation related to the property. (N.T. 09/24/13, pp. 41-47, 193-194).

Defendant contends that he was advised by Warren Parry that his legal bills would be capped at $150,000. (N.T. 09/24/13, pp. 91-92). Defendant never challenged the quality of the work performed by Plaintiff, and other than voicing his concerns regarding the cost of the litigations to Mr. Parry[2], never challenged the service or charges to anyone else at the firm. There is no documentary evidence regarding any oral modification to the fee agreement. (N.T. 09/24/13, pp. 105-108, 190-191, 195-200).

---

[2] Warren Parry died from complications of ALS during the course of the underlying litigation. (N.T. 09/24/13,pp. 161-164, 195).

Toward the end of the Plaintiff's representation, Defendant requested Plaintiff to represent him in another legal matter. Plaintiff refused as a result of the unpaid bills in the Queen's Walk litigation. (N.T. 09/24/13, pp. 109-112).

Defendant sought a non-suit at the conclusion of the Plaintiff's case. Plaintiff moved for a directed verdict once the Plaintiff rested. Both motions were denied by the Court. (N.T. 09/24/13, pp. 183-187, 209).

The Quantum Merit and Accounts Stated claims were dismissed by the Court. Following the Court's charge and the parties' Closing Arguments, the jury retired to deliberate. The jury found that there was a valid contract between the parties, the Defendant had breached the contract by failing to pay legal fees and costs and that the Plaintiff suffered damages as a result of the breach. The jury awarded the Plaintiff $350,000 in damages[3]. (N.T. 09/26/13, 45-47).

On October 3, 2013, Defendant filed a Motion for Post-Trial relief seeking both Judgment Notwithstanding the Verdict and a New Trial. Oral argument was heard and on January 10, 2014, this Court denied both of Defendant's Post-trial requests.

Plaintiff filed a Praecipe to enter Judgment on the verdict on January 15, 2014. A Notice of Appeal was filed on February 11, 2014. This Court directed the filing of a 1925(b) Statement of Errors Complained of on Appeal on February 25, 2014.[4] Defendant filed a Statement on March 17, 2014.

---

[3] Following the announcement of the verdict, the jury was polled. Seven of the eight jurors agreed with the verdict. (N.T. 09/26/13, pp. 46-47)

[4] The Court vacated the 2/25/14 Order since the caption contained a typographical error not properly identifying the Defendant. Thereafter, the Court re-issued the 1925(b) directive in an Order dated March 10, 2014.

4

## II.    DISCUSSION

Defendant contends that the Trial Court committed reversible error when it failed to grant either his request for Judgment Notwithstanding the Verdict or a Request for a New Trial. Regarding the Motion for a JNOV, Defendant alleges that prejudicial error of law and/or an abuse of discretion occurred since Plaintiff had failed to demonstrate that its billing practices were fair and reasonable, that it entered into the agreement with Defendant in good faith and that the services were the subject of the billing statements were actually performed as described in the firm's billing statements. Defendant further asserts that the jury's verdict goes against the weight of evidence presented at trial and that said verdict was contrary to applicable law.

For essentially identical reasons, Defendant alleges that the Court committed prejudicial error of law and/or abused its discretion in denying his request for a New Trial. Again, he raises the lack of evidence and failure to instruct on Plaintiff's purported duty of good faith and fair dealing with relation to the billing.[5]

With regard to a request for a JNOV, the following is instructive:

> "In reviewing a trial court's decision whether or not to grant judgment in favor of one of the parties, we must "consider the evidence, together with all favorable inferences drawn therefrom, in a light most favorable to the verdict winner." *Walker v. Grand Central Sanitation, Inc.*, 430 Pa.Super. 236, 634 A.2d 237, 240 (Pa.Super.1993). "Our standard of review when considering motions for a directed verdict and judgment notwithstanding the verdict are identical." *Brown v. Philadelphia College of Osteopathic Medicine*, 2000 PA Super 262, 760 A.2d 863, 868 (Pa.Super.2000). We will reverse a trial court's

---

[5] Defendant alleged that the trial court erred in permitting irrelevant testimony regarding the potential value of the Queens Walk project. The Court has reviewed the record several times and has found no reference to such alleged testimony.

5

grant or denial of a judgment notwithstanding the verdict only when we find an abuse of discretion or an error of law that controlled the outcome of the case. *Mitchell v. Moore,* 1999 PA Super 77, 729 A.2d 1200, 1203 (Pa.Super.1999). Further, "the standard of review for an appellate court is the same as that for a trial court." *Ferry v. Fisher,* 709 A.2d 399, 402 (Pa.Super.1998).

There are two bases upon which a judgment N.O.V. can be entered: one, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, the court reviews the record and concludes that even with all factual inferences decided adverse to the movant the law nonetheless requires a verdict in his favor, whereas with the second the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

"The general rule for a grant of a new trial on the basis that it is against the weight of the evidence allows the granting of a new trial only when the jury's verdict is contrary to the evidence as to shock one's sense of justice and a new trial is necessary to rectify this situation."

Lanning v. W., 803 A.2d 753, 756, 765 (Pa. Super. 2002).

Before the Court was a breach of contract action. Instructive on the issues is Pittsburgh Const. Co. v. Griffith. 834 A.2d 572 (Pa. Super. 2003). In Griffith, plaintiff sued a homeowner for breach of contract after homeowner blocked two payments for construction work done to their home, claiming the work was substandard. The trial court found that the homeowners had breached the contract and the homeowners filed post-trial motions seeking JNOV on the jury's breach of contract award to plaintiff. It was noted that to support a breach of contract claim, plaintiff must establish 1) existence of a contract, including the essential terms, 2) breach of duty imposed by the contract and 3) resultant damages.

6

_ . at 580.

This Court finds that the evidence presented at trial was sufficient to support the verdict. The evidence included the fact that Defendant entered into a contract for legal services, the May 2005 fee agreement/letter of engagement recited the terms of the billing arrangement between the parties, Defendant was aware of the hourly fee to be charged by the two main firm representatives working on the property development and resultant litigation, Plaintiff in fact provided the legal services to Defendant, Defendant accepted the legal services, the services were detailed on the billing statements sent to Defendant on a regular basis and that Defendant paid some, though not all, of the bills incurred.

In the same vein of Defendant's contention that there was a requirement that the Plaintiff establish that its billing practices were performed in good faith and with fair dealing, the Defendant contends that the Court erred in not instructing the jury as to such a requirement.

> The purpose of a jury charge is to clarify the legal principles at issue. *General Equip. Mfrs. v. Westfield Ins. Co.*, 430 Pa.Super. 526, 635 A.2d 173, 184 (1993). A jury instruction will be upheld if it accurately reflects the law and is sufficient to guide the jury in its deliberations. *Von der Heide v. Department of Transportation*, 553 Pa. 120, 718 A.2d 286, 289 (1998). A trial judge is bound to charge the jury only on the law applicable to the factual parameters of a particular case and it may not instruct the jury on inapplicable legal issues. *Schaefer v. Stewartstown Dev. Co.*, 436 Pa.Super. 354, 647 A.2d 945, 947 (1994)."

Cruz v. N.E. Hosp., 801 A.2d 602, 611 (Pa. Super. 2002).

7

There is no such requirement that in a breach of contract action a plaintiff must establi. that the fee agreed to be paid was "fair and reasonable" before a breach can be established. Moreover, Defendant has at no time offered any legal basis whether by statute, case law or otherwise that such a requirement was applicable to a contract action in general or this matter specifically. This is not a situation where the reasonableness of attorney's fees has to be established by the moving party, as for example with bad faith claims pursuant to 42 Pa. C.S.A. 8371. A review of this Court's charge reveals that the jury was properly instructed on the elements necessary for Plaintiff to establish a breach of contract. (N.T. 09/26/13, pp. 10-15).

The jury heard Defendant's testimony that Mr. Parry had orally agreed to cap Plaintiff's legal fees at $150,000. They also learned that there was no written modification to the fee agreement and that no one else in the firm was aware of any modification to the parties' agreement. It was within the jury's province to believe some, all or none of the testimony presented; they obviously did not credit Defendant's assertion that there had been an alteration or modification to the agreement.

## III. CONCLUSION

The record fails to establish that no two reasonable minds could disagree that the outcome should have been rendered in favor of the Defendant or that a verdict for the Defendant was mandated. Likewise, the jury's verdict in this instance was not so contrary to the evidence as to shock one's sense of justice.

8

Accordingly, there was no basis to either enter a Judgment Notwithstanding the Verdict or a New Trial on Defendant's behalf. Therefore, this Court seeks to have its January 10, 2014 Order denying Defendant's request for such relief affirmed.

BY THE COURT:

Dated: 6/27/14

D. WEBSTER KEOGH, JUDGE